Doe v. Garland

BIA
A205 298 083

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-two.

PRESENT:
>        JOHN M. WALKER, JR.,
>        BARRINGTON D. PARKER,
>        JOSEPH F. BIANCO,
>             *Circuit Judges.*

_____

JOHN DOE, AKA SUVENDRAN KANAPATHIPILLAI, AKA SUVENTHIRAN KANAPATHIPPILLAI
>        *Petitioner*,

v.                                          19-605
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*[1]

_____

FOR PETITIONER:            Visuvanathan Rudrakumaran, Esq.,
                           New York, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted for Attorney General William P. Barr.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad, Assistant Director; Laura Halliday Hickein, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, a native and citizen of Sri Lanka, seeks review of a February 13, 2019, decision of the BIA denying his motion to reopen his removal proceedings. *In re John Doe, a.k.a., Suvendran Kanapathipillai, a.k.a. Suventhiran Kanapathippillai*, No. A 205 298 083 (B.I.A. Feb. 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's denial of a motion to reopen for abuse of discretion and review any determination regarding country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Petitioner argued that conditions in Sri Lanka had worsened for failed asylum seekers and that the situation for Tamils

2

had worsened such that there was a pattern or practice of persecution.

It is undisputed that Petitioner's 2018 motion was untimely because he filed it almost two years after his removal order became final in 2016. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This time limitation does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). However, the BIA did not err in finding that Petitioner failed to demonstrate a material change in conditions.

Much of Petitioner's evidence in support of his motion was available at the time of his removal proceedings before the IJ and, in fact, was in the record before the IJ. Accordingly, those articles were evidence of past conditions but did not themselves support reopening because they were or could have been presented previously. *See* 8 U.S.C.

3

§ 1229a(c)(7)(C)(ii) (requiring that motion to reopen be based on "evidence [that] is material and was not available and would not have been discovered or presented at the previous proceeding"). The evidence that post-dated Petitioner's hearing before the IJ reflected that the Sri Lankan government has stated that returning asylum seekers would not be harmed and did not provide details of why certain individual Tamils had been found to be at risk of persecution. Thus, the record supports the BIA's conclusion that Petitioner failed to demonstrate a material worsening of conditions as needed to excuse the filing deadline for his motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 168 (movant has "heavy burden of demonstrating that the proffered new evidence would likely alter the result" (internal quotation marks omitted)); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

4

Because this finding was dispositive, we do not reach the agency's alternative determination that Petitioner failed to establish his prima facie eligibility for asylum. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988) (observing that there are independent grounds for denial of reopening, including failure to submit "previously unavailable, material evidence" and failure to "establish[] a prima facie case for the underlying substantive relief sought"); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court